**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005087
24-AUG-2016
10:01 AM**

NO. CAAP-13-0005087

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WFMBS 2007-
AR6, Plaintiff-Appellee, v. KEVIN COLLMAN, Defendant-Appellant,
and MORTGAGE ELECTRIC REGISTRATION SYSTEMS, INC; JOHN DOES 1-10;
JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10 and DOE
GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 08-1-198K)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Defendant-Appellant Kevin Collman (Collman) appeals
from the October 4, 2013 Order Denying Defendant's First Amended
Motion to Vacate Void Judgment, Filed on August 14, 2013, entered
by the Circuit Court of the Third Circuit[1] (Circuit Court), in
favor of Plaintiff-Appellee HSBC Bank USA, National Association,
as Trustee for WFMBS (HSBC Bank).

On appeal, Collman argues[2] the Circuit Court erred when
it denied his August 14, 2013 First Amended Motion to Vacate Void
Judgment (Motion to Vacate Void Judgment) because (1) HSBC Bank
lacked standing to foreclose because the mortgage was not
assigned to HSBC Bank; and (2) HSBC Bank lacked standing to

---

[1]     The Honorable Ronald Ibarra presided.

[2]     Collman's Point of Error in his Opening Brief does not comply with
Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4) in most respects.
It is well settled that failure to comply with HRAP Rule 28(b)(4) is alone
sufficient to affirm the circuit court's judgment. Kawamata Farms, Inc. v.
United Agri Prods., 86 Hawai'i 214, 235, 948 P.2d 1055, 1076 (1997).  However,
in light of our policy to afford litigants the opportunity to have their cases
heard on the merits, where possible, we will endeavor to do so here.

enforce the mortgage and note because HSBC Bank clouded the title when it violated the Pooling and Service Agreement.

After a careful review of the issues raised and arguments made by the parties, the record, and the applicable authority, we resolve Collman's appeal as follows and affirm.

1.    Collman's Motion to Vacate Void Judgment is subject to the requirements, and is an impermissible use, of Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b).  HRCP Rule 60(b)(4) grants relief from an order or judgment when "the judgment is void[.]"  Collman styled his motion as a "Motion to Vacate Void Judgment" and, in substance, argues that the May 11, 2009 Foreclosure Order is void because the Circuit Court did not have jurisdiction to hear HSBC Bank's case because HSBC Bank did not have standing.  Collman improperly attempts to relitigate both his earlier March 6, 2012 Motion to Void Judgment and the underlying Foreclosure Order.  Collman did not appeal from the underlying Foreclosure Order.  Collman's appeal from the order denying his March 6, 2012 Motion to Void Judgment was dismissed by this court as untimely.  We conclude that Collman's attempt to seek relief pursuant to HRCP Rule 60(b) is an untimely second bite at the apple.  See Citicorp Mortgage, Inc. v. Bartolome, 94 Hawai'i 422, 433-34, 16 P.3d 827, 838-39 (App. 2000).

2.    The issues raised by Collman in this appeal are barred by _res judicata_.  Collman argues the Circuit Court erred when it denied his Motion to Vacate Void Judgment because HSBC Bank lacked standing to foreclose and to enforce the mortgage and note.  Collman could have raised the issue of standing in opposition to HSBC's January 20, 2009 motion for summary judgment but did not.  The issue of standing was finally decided when the Circuit Court entered the May 11, 2009 Foreclosure Order granting HSBC's January 20, 2009 motion for summary judgment, including foreclosure decree, and the time for appeal expired on June 10, 2009, without Collman's timely notice of appeal.  Therefore, "[u]nder the doctrine of _res judicata_, [Collman's] challenges to [HSBC Bank]'s standing were subsumed under the foreclosure judgment, which had became final and binding."  Mortgage Elec.

2

Registration Sys., Inc. v. Wise, 130 Hawai'i 11, 17, 304 P.3d 1192, 1198 (2013), as amended (July 10, 2013).

Based on the foregoing, we affirm the October 4, 2013 Order Denying Defendant's First Amended Motion to Vacate Void Judgment, Filed on August 14, 2013 entered by the Circuit Court of the Third Circuit.

DATED: Honolulu, Hawai'i, August 24, 2016.

On the briefs:

Kevin Collman,
Defendant-Appellant, *pro se.*

Robert E. Chapman,
Reginald K.T. Yee, and
Mary Martin
(Clay Chapman Iwamura Pulice &
Nervell)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge